IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CV-207-RJ

| | | |
|---|---|---|
| BRUCE LAMART BEATTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney's fees filed by Plaintiff's counsel, H. Clifton Hester, pursuant to 42 U.S.C. § 406(b). [DE-32]. Defendant takes no position on the motion. [DE-33]. For the reasons that follow, the motion is allowed.

## I. BACKGROUND

Plaintiff filed a complaint [DE-1] and the case proceeded on motions for judgment on the pleadings with supporting memoranda of law [DE-21 through -24]. The court allowed Plaintiff's motion for judgment on the pleadings and remanded the case to the Commissioner for further proceedings. [DE-27]. The court awarded Plaintiff $4,500.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [DE-31]. On remand, Defendant issued a favorable decision approving Plaintiff's application for benefits. [DE-32-1] ¶ 2. Plaintiff's counsel now seeks 25% of the past due benefits, or $7,851.00, and proposes to reimburse Plaintiff the $4,500.00 for the previously awarded EAJA fees. [DE-32-3] at 2.

## II. DISCUSSION

Under section 406(b), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of

its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has instructed that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" and the court must review these arrangements "as an independent check, to assure that they yield reasonable results in a particular case." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In conducting its review, the court may find a reduction in the contingent fee appropriate when "(1) the fee is out of line with 'the character of the representation and the results ... achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (quoting *Gisbrecht*, 535 U.S. at 808). A "reviewing court should disallow 'windfalls for lawyers,'" *Gisbrecht*, 535 U.S. at 808 (quoting *Rodriguez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)). Factors courts have considered in determining whether a fee award will result in a "windfall" include "(1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." *Murrell v. Colvin*, No. 4:13-CV-124-FL, 2016 WL 4287813, at *1 (E.D.N.C. Aug. 15, 2016) (citations omitted).

Applying the framework set forth above, the court finds that the requested attorney's fees are reasonable. Counsel seeks 25% of the past due disability benefits awarded to Plaintiff, which is no

2

greater than the statutory ceiling. With respect to the results achieved, through counsel's efforts Plaintiff won a remand for further proceedings, ultimately resulting in an award of past due benefits. There is no evidence of delay tactics employed by counsel, and the case was handled efficiently. Counsel, who is an experienced practitioner in federal court, filed a well-supported motion for judgment on the pleadings, evidencing thorough research and application of law to the particular facts of Plaintiff's claim rather than boilerplate recitations, which resulted in a remand. Accordingly, counsel is awarded $7,851.00 and shall return to Plaintiff the $4,500.00 in fees previously awarded under the EAJA.

### III. CONCLUSION

For the reasons stated herein, the motion for attorney's fees [DE-32] is ALLOWED in the full amount requested of $7,851.00, and counsel shall return to Plaintiff the $4,500.00 in fees previously awarded pursuant to EAJA.

SO ORDERED, the 11 day of October 2017.

Robert B. Jones, Jr.
United States Magistrate Judge

3